# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Hammons v. Society of Permanent Cosmetic Professionals*, 2012 IL App (1st) 102644**

---

| | |
|---|---|
| Appellate Court Caption | SANDI HAMMONS and THE AMERICAN INSTITUTE OF INTRADERMAL COSMETICS, INC., d/b/a Premier Products and Premier Pigments, Plaintiffs-Appellants and Cross-Appellees, v. THE SOCIETY OF PERMANENT COSMETIC PROFESSIONALS, LIZA SIMS, KARLA KWIST, ELIZABETH FINCH-HOWELL, KATHLEEN CIAMPI and JUDY NEWDOM, Defendants-Appellees and Cross-Appellants. |
| District & No. | First District, Second Division<br>Docket Nos. 1-10-2644, 1-11-1280 cons. |
| Filed | March 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in dismissing plaintiffs' action for defamation, tortious interference with business relationships, consumer fraud, and deceptive trade practices based on a blog/message board hosted by defendants that was allegedly designed to defame and destroy plaintiffs' reputations in the permanent makeup industry on the ground that the Citizen Participation Act provided defendants with immunity from such claims, since the blog/message board was not genuinely aimed at procuring favorable government action and the Act was not meant to immunize defamation or other intentional torts. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-1638; the Hon. Lee Preston, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Harrison & Held, LLP, of Chicago (George N. Vurdelja, Jr., of counsel), for appellants. |
| | Mandell Menkes, LLC, of Chicago (Steven P. Mandell, Steven L. Baron, and Sharon R. Albrecht, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion. |
| | Justices Connors and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiffs, Sandi Hammons and The American Institute of Intradermal Cosmetics, Inc, d/b/a Premier Products and Premier Pigments, appeal the circuit court's dismissal of their complaint of defamation, tortious interference with business relationships, consumer fraud and deceptive trade practices against defendants, The Society of Permanent Cosmetic Professionals, Liza Sims, Karla Kwist, Elizabeth Finch-Howell, Kathleen Ciampi and Judy Newdom, after a finding that the Citizen Participation Act (the Act) (735 ILCS 110/1 *et seq.* (West 2008)) provided defendants with immunity from such claims. Plaintiffs submit that the Act does not apply to the facts of their complaint. Defendants cross-appeal the attorney fee award, arguing that the circuit court improperly limited their fees.

¶ 2                                    BACKGROUND

¶ 3      This case involves the application and interpretation of the Act, Illinois's version of an anti-SLAPP statute. The acronym "SLAPP" stands for "Strategic Lawsuit Against Public Participation" coined by two law professors when referring to a genre of cases involving citizens opposing or supporting some action who petition their government regarding the action only to be sued by the "actor" for defamation and other torts which strain the citizen's resources by directing those resources to defend the lawsuit rather than to their opposition/support efforts. George W. Pring & Penelope Canan, "*Strategic Lawsuits Against Public Participation" ("SLAPPs"): An Introduction for Bench, Bar and Bystanders*, 12 Bridgeport L. Rev. 937 (1992); see Mark J. Sobczak, *SLAPPED in Illinois: The Scope and Applicability of the Illinois Citizen Participation Act*, 28 N. Ill. U. L. Rev. 559, 559-60 (2008).

¶ 4      The instant complaint alleges that one of the defendants, on its website entitled "Wake

Up In Your Makeup," hosts a blog/message board that was directed and monitored by the individual defendants. Beginning in 2003 and continuing to the present, defendants are alleged to have engaged in a campaign to defame and destroy the reputations of the plaintiffs in the permanent makeup industry by each posting messages on the blog/message board under the online pseudonym "Not Maggie" accusing plaintiffs of bogus and unsanitary training, butchering and defacing customers and using industrial paint in their permanent tattoo pigments, among other comments. Plaintiffs also allege that these blog postings were republished by defendants directly to clients and potential clients of plaintiffs. Plaintiffs further allege that defendants routinely referred people to these blog postings about plaintiffs and defamed plaintiffs in public presentations defendants made at permanent makeup conferences. In summary, plaintiffs allege the defendants openly represent that plaintiffs, and specifically Premier Pigments, "is a joke in the industry" and that defendants' pigments, unlike Premier Pigments, are safe, approved and trusted.

¶ 5    Defendants filed a joint motion to dismiss the entire complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a)(5) (West 2008)) as time-barred and for failure to state a valid claim. Certain defendants filed individual motions challenging the court's personal jurisdiction over them. Defendants also filed a separate joint motion arguing in favor of dismissal pursuant to the Act (735 ILCS 110/5 (West 2008)).

¶ 6    In response to defendants' motions, plaintiffs moved to stay the Illinois proceedings until plaintiffs' Miami-Dade County, Florida, lawsuit against the identical defendants for similar claims is ruled on by that court. Hammons v. Society of Permanent Cosmetic Professionals, No. 08-69191-CA-20 (Miami-Dade Co. Cir. Ct. 2008). Plaintiffs also moved to voluntarily dismiss their Illinois lawsuit. Both motions were opposed by the defendants and denied by the circuit court. The circuit court held all motions other than the Act motion in abeyance. Plaintiffs, after being allowed limited discovery pursuant to section 10 of the Act (735 ILCS 110/10 (West 2008)), filed their opposition to defendants' motion to dismiss plaintiffs' complaint.

¶ 7    The circuit court granted defendants' motion without holding whether the comments complained of were made in furtherance of seeking favorable government treatment of their permanent makeup industry. The court dismissed all counts of plaintiffs' complaint based on its holding that plaintiffs were unable to provide "clear and convincing evidence that the acts of the [defendants] are not immunized from, or are not in furtherance of acts immunized from liability under this Act."

¶ 8    Defendants collectively moved for over $66,000 in attorney fees pursuant to section 25 of the Act. 735 ILCS 110/25 (West 2008). The circuit court awarded $8,100 in attorney fees, limiting the defendants' requests to a reasonable amount for the portion of the case that dealt with the application of the Act, as there is no provision for attorney fees for the defendants' many other defensive claims.

¶ 9    Plaintiffs appeal, seeking reversal of the dismissal of their complaint pursuant to the Act and reversal of the award of attorney fees. Defendants cross-appeal, seeking larger attorney fee awards than the $8,100 awarded by the circuit court.

¶ 10                                ANALYSIS

¶ 11    On appeal, plaintiffs submit that the Act does not apply to its complaint. This appeal asks us to determine if the defendants' alleged statements made on a blog/message board and at various conferences are immunized from a defamation and other claims under the Act (735 ILCS 110/1 *et seq.* (West 2008)). The circuit court found the statements are immune from suit. For the following reasons, we reverse and remand.

¶ 12                            A. Standard of Review

¶ 13    Because the circuit court's ruling dismissing plaintiffs' complaint was based on an interpretation and application of the Act, a question of law is presented and we apply the *de novo* standard of review. *Wright Development Group, LLC v. Walsh*, 238 Ill. 2d 620, 634 (2010).

¶ 14                          B. Dismissal Under the Act

¶ 15    Under the Act, a purported victim of a SLAPP lawsuit may file a motion to dispose of the entire claim under the Act. In the instant case, the defendants, as the moving parties, were required under section 15 of the Act to show plaintiffs' complaint of defamation and other actions are "based on, relate[ ] to, or [are] in response to" acts the defendants made "in furtherance" of their "rights of petition, speech, association, or to otherwise participate in government." 735 ILCS 110/15 (West 2008).

¶ 16    The essence of plaintiffs' defamation and other claims is the alleged false statements defendants posted to a blog/message board run by one of the defendants concerning plaintiffs' "lousy" permanent makeup practices and pigment products. The statements are alleged to have been repeated at conferences and to potential customers looking for permanent makeup procedures. The statements do not appear to have been made about any governmental matter or in furtherance of the defendants' right to petition any governmental body. The statements were not made in response to any public official nor do they address any public meeting concerning any governmental action, let alone action that may affect the permanent makeup industry. We fail to see how defendants, as the moving party, met their burden under section 15 of the Act to show the complaint is "based on, relates to, or is in response to" defendants' acts in furtherance of their constitutional rights. Not only did the defendants not meet their burden when they filed their motion, but the circuit court did not acknowledge that defendants had any burden other than to allege that their statements and acts were covered by the Act.

¶ 17    Before the trial court and in their brief before this court, defendants relied heavily on the appellate court decision in *Sandholm v. Kuecker*, 405 Ill. App. 3d 835 (2010), which was reversed while this case was pending. *Sandholm v. Kuecker*, 2012 IL 111443. The appellate court held that the Act changes the common law rules of defamation by protecting otherwise defamatory speech when it is made while exercising one's right to petition the government. It further held that defendants' defamatory remarks were privileged under the Act where they criticized a coach and demanded he be removed as both coach and as the school's athletic director. However, after this case was fully briefed, but before oral argument, the appellate

-4-

court's decision was reversed by our supreme court. *Sandholm v. Kuecker*, 2012 IL 111443. Defendants' arguments to this court even after our supreme court reversed the appellate court in the *Sandholm* case place the initial burden of proof on the plaintiffs to defeat a motion brought under the Act. While it is true that the Act requires the plaintiff to produce clear and convincing evidence that the defendants' acts were not genuinely aimed at procuring favorable government action, their burden is not triggered until defendants, as movants, show that their complained-of acts actually were in furtherance of their right to participate in government. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 56.

¶ 18        In enacting the Act, the legislature created a new category of lawsuits subject to early dismissal for claims related to a defendant's exercise of first amendment rights. U.S. Const., amend. I. The Act provides for dismissal where (1) the defendants' acts were in furtherance of their right to petition, speak, associate, or otherwise participate in government to obtain favorable government action; (2) the plaintiffs' claims are solely based on, related to, or in response to the defendants' "acts in furtherance"; and (3) the plaintiffs fail to produce clear and convincing evidence that the defendants' acts were not genuinely aimed at solely procuring favorable government action. *Sandholm v. Kuecker*, 2012 IL 111443, ¶¶ 53-57. Our supreme court clearly held that "[i]f a plaintiff's complaint genuinely seeks redress for damages from defamation or other intentional torts and, thus, does not constitute a SLAPP, it is irrelevant whether the defendants' actions were 'genuinely aimed at procuring favorable government action, result or outcome' " and plaintiff's suit may not be properly dismissed under the Act. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 53 (quoting 735 ILCS 110/15 (West 2008)). In other words, the Act only applies to meritless, retaliatory SLAPP lawsuits, as those suits have traditionally been defined. *Sandholm v. Kuecker*, 2012 IL 111443, ¶¶ 42, 44-45, 47, 51. "SLAPPs are by definition, meritless." *Id.* ¶ 34.

¶ 19        Defendants argue that they publicized their concerns about plaintiffs' practices and products in an effort to draw attention to consumer harm caused by activities like plaintiffs'. According to defendants, these statements published anonymously on a blog/message board and repeated at conferences are worthy of protection under the Act because anyone, including any governmental body trolling the Internet, may read these statements and it may provide information and commentary to assist them in their enforcement efforts regarding consumer protection laws and possible regulations for permanent makeup practices and pigment products. However, this argument stretches the Act beyond even its admittedly broad intended purpose. It is disingenuous to claim that defendants were attempting to influence government action or gain support by anonymously authoring and publishing critical comments aimed directly at a competitor and available to consumers and potential consumers on a blog/message board. Dismissal as a matter of law on these grounds is improper as it is not an uncontested fact that the action of creating a blog/message board posting of this type constitutes an act of participation in any governmental process or a reasonable expectation that these cryptic, critical remarks about a competitor would influence the electorate to take some unspecified action with their government with regard to consumer protection in the permanent makeup industry. See *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. The only position being advocated was clearly that plaintiffs' practices and pigment products were "lousy."

¶ 20        In addition to the appellate court opinion in *Sandholm* which was reversed after briefing but just before oral argument in this case, defendants rely on the holdings of *Wright Development Group, LLC v. Walsh*, 238 Ill. 2d 620 (2010), and *Shoreline Towers Condominium Ass'n v. Gassman*, 404 Ill. App. 3d 1013 (2010). This case is vastly different from *Wright*, where the defendant's statements were made to a reporter immediately after a public meeting held by an alderman to discuss problems with a condominium developer and potential legislation. Clearly, defendant Walsh's comments to the press were protected under the Act as the timing and content dealt specifically with what he just proposed at the public meeting. *Wright Development Group, LLC v. Walsh*, 238 Ill. 2d at 635-36. The statements and complaints made by the defendants in *Shoreline* were valid efforts to attempt to change certain policies regarding display of religious objects. *Shoreline Towers Condominium Ass'n v. Gassman*, 404 Ill. App. 3d at 1022. In the instant case, however, attempting to fit defendants' alleged actions into the Act's protection goes far beyond the purpose of promoting public participation in government even though we acknowledge that Illinois's anti-SLAPP legislation, the Act, is broader than most anti-SLAPP acts enacted by other states across the country. See *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 126 n.3 (2010).

¶ 21        At oral argument, defendants asserted that we should read the supreme court's holding in *Sandholm v. Kuecker*, 2012 IL 111443, that the Act applies only to meritless lawsuits should be read as applying to lawsuits that are subject to dismissal under section 2-615 for failure to state a claim or under section 2-619(a)(5) as being filed beyond the statute of limitations. 735 ILCS 5/2-615, 2-619(a)(5) (West 2008). Defendant invited this court to affirm the dismissal of plaintiffs' lawsuit on one of these grounds. We disagree. The Act provides for an expedited procedure for review of defendant's motion. See 735 ILCS 110/20(a) (West 2008) (hearing and decision on such motions must occur within 90 days). Additionally, discovery is suspended during the pendency of the motion with limited discovery, only with leave of court, on the issue of whether the defendants' acts are not immunized from liability under the Act. 735 ILCS 110/20(b) (West 2008). A party is entitled to an expedited appeal of an order denying the motion or from a trial court's failure to rule within 90 days. 735 ILCS 110/20(a) (West 2008). If the case is dismissed, the defendants may recoup attorney fees. 735 ILCS 110/25 (West 2008). None of these procedures applies to other dismissals entered pursuant to section 2-615 or 2-619 motions.

¶ 22        Allowing this suit to go forward will not chill, in any way or diminish by one iota, citizen participation in any public affairs. This case does not have the necessary hallmark of a SLAPP lawsuit which is that defendants' actions must be genuinely aimed at procuring favorable government action, even the most remote type. The Act defines the word "government," in part, with the word "electorate." 735 ILCS 110/10 (West 2008). An electorate is simply a body of qualified voters from a particular district or territory. See, *e.g.*, *Carver v. Sheriff of La Salle County*, 203 Ill. 2d 497 (2003). The defendants argue that because the blog/message board readers may also be part of the "electorate," the defendants are validly pursuing whatever the stated goal in the posted messages may be with the government. This argument is similar to a warning published in the Illinois Bar Journal not long after the Act was enacted which stated that readers of any defamatory written statements

are also the electorate and, therefore, protection under the Act should apply. Eric M. Madiar & Terrence J. Sheahan, *Illinois' New Anti-SLAPP Statute*, 96 Ill. B.J. 620, 625 (2008). This court is unconvinced of this overly broad interpretation of the Act's scope and that this was the intent of the state legislature. We echo the recent ruling by our supreme court in *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 42, that the Act was not meant to immunize defamation or other intentional torts.

¶ 23                                    CONCLUSION

¶ 24        For the foregoing reasons, the circuit court's order granting Citizen Participation Act protection to the defendants and dismissing plaintiffs' lawsuit is reversed. The award of attorney fees pursuant to the Act is vacated. This cause is remanded for further proceedings consistent with this judgment and opinion.

¶ 25        Reversed and remanded.