# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Capeheart v. Terrell*, 2013 IL App (1st) 122517

---

| | |
|---|---|
| Appellate Court Caption | LORETTA CAPEHEART, Plaintiff-Appellant and Cross-Appellee, v. MELVIN C. TERRELL, Defendant-Appellee and Cross-Appellant (Sharon K. Hahs, Lawrence P. Frank, in Their Official Capacities as Northeastern Illinois University Administrators, Defendants). |
| District & No. | First District, First Division<br>Docket No. 1-12-2517 |
| Filed | September 16, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a defamation action arising from a university setting in which plaintiff alleged that defendant made a defamatory statement before a faculty council meeting that a student told him that a "stalking" complaint was filed against plaintiff in connection with a student protest, the trial court's dismissal of plaintiff's complaint pursuant to the Illinois Citizen Participation Act was reversed, since defendant failed to establish that the suit was a SLAPP suit, especially when the suit was not meritless or retaliatory, none of the essential elements of the defamation claims were refuted, plaintiff alleged that no stalking complaint was filed, and there was nothing showing that the suit was intended to prevent defendant from exercising his constitutional rights. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-4115; the Hon. Randye A. Kogan, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on        Glickman, Flesch & Rosenwein, of Chicago (Thomas D. Rosenwein, of
Appeal            counsel), for appellant.

                  Franczek Radelet P.C., of Chicago (Peter G. Land and Ellen F. Wetmore,
                  of counsel), for appellee.


Panel             PRESIDING JUSTICE HOFFMAN delivered the judgment of the court,
                  with opinion.
                  Justices Cunningham and Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Loretta Capeheart, appeals the circuit court order which granted the motion to dismiss her defamation claims against the defendant, Melvin C. Terrell, and awarded him attorney fees and costs under the Illinois Citizen Participation Act (Act) (735 ILCS 110/1 *et seq.* (West 2012)). Terrell cross-appeals the circuit court's judgment as to the amount of the fees and costs it awarded. We need not address Terrell's cross-appeal because, for the reasons that follow, we reverse the circuit court's dismissal of counts I and II of the plaintiff's complaint and remand the cause for further proceedings.

¶ 2    The complaint, motions, and supporting documents disclose the following facts pertinent to the issues in this appeal. The plaintiff is a tenured associate professor in the Department of Justice Studies at Northeastern Illinois University (NEIU) and has been employed by the university since 2002. Defendant Sharon K. Hahs is the president of NEIU, and defendant Lawrence P. Frank is NEIU's provost.[1] Terrell was employed as the vice president of student affairs at NEIU until his retirement from that position on December 31, 2008.

¶ 3    The plaintiff's claims against Terrell are premised on conduct that allegedly occurred during a March 12, 2007, meeting of NEIU's Faculty Council for Student Affairs (Faculty Council), which advises the university's vice president for student affairs and is comprised of several elected faculty members. In March 2007, the plaintiff was a member of the Faculty Council, and both parties participated in the meeting as part of their professional responsibilities to the university. The meeting agenda included discussing the school's handling of a student protest against the presence of CIA recruitment personnel on campus, after two students had been arrested during the protest. The arrests and the protest had been controversial topics on campus. The plaintiff alleged that, shortly after the arrests, a student employee of the Dean's office, which Terrell oversees, had circulated a flyer accusing her

---

[1]Hahs and Frank are not parties to this appeal, as the plaintiff's claims against them are still pending in the circuit court.

of organizing the protest and creating the chaos on campus. In response, the plaintiff alleged that Terrell stated that a student posting those flyers had filed a "stalking" complaint against her.

¶ 4   The plaintiff's defamation claims against Terrell are based on his "stalking" statement made during the Faculty Council meeting. She also claimed that Terrell's defamatory statement was made in retaliation for statements she made during the meeting. At that meeting, the plaintiff asked several questions of Terrell, who had supervisory responsibility over the campus police, and she criticized the use of campus police to arrest two students who were members of the NEIU Socialist Club, which she advises. After the meeting, the plaintiff alleged that Terrell expressed regret only for assuming that another school administrator had informed her of the stalking complaint but not for making the statement itself. Later, the plaintiff was informed that the student did not file a complaint; rather, the student wrote in a statement to police after the student arrests that the plaintiff attempted to "chase [her] down while [she] was handing out information regarding [the plaintiff's] group's discrepancies between beliefs and actions."

¶ 5   In March 2008, the plaintiff brought suit against all three defendants in the United States District Court for the Northern District of Illinois. Her complaint, as finally amended, consisted of four counts. Count I was directed against Hahs and Frank and asserted a federal claim for violation of her constitutional right to free speech pursuant to the first amendment to the United States Constitution (U.S. Const., amend. I). Counts II and III were directed against Terrell and asserted state claims for defamation *per se* and defamation *per quod*, respectively. Count IV was directed against all three defendants and asserted a state claim for retaliation against the exercise of free speech, as guaranteed under article I, section 4, of the Constitution of the State of Illinois (Ill. Const. 1970, art. I, § 4). The plaintiff sought injunctive relief against Hahs and Frank, who were sued in their official capacities as president and provost of NEIU, respectively. She sought monetary damages from Terrell, who was sued in his individual capacity.

¶ 6   On February 14, 2011, the district court entered summary judgment in favor of Hahs and Frank on the plaintiff's federal claim for infringement of her first amendment right to free speech. The court declined to exercise supplemental jurisdiction over the state claims, which were dismissed without prejudice due to their being filed in state court. On February 24, 2011, the plaintiff filed a notice of appeal in the United States Court of Appeals for the Seventh Circuit, challenging the district court's entry of summary judgment against her on the federal claim and the decision not to exercise supplemental jurisdiction over the state claims.

¶ 7   On March 4, 2011, the plaintiff filed the instant action in the circuit court of Cook County. In her complaint, she reasserted the state claims originally alleged in the federal litigation: counts I and II alleged defamation *per se* and *per quod*, respectively, against Terrell; and count III alleged free speech retaliation against all three defendants. All three defendants filed motions to dismiss. Terrell's motion, filed on April 25, 2011, asserted that he was immune from suit under the Act because the defamation and retaliation claims were filed in response to his exercise of his constitutional rights to free speech and participation in government. The plaintiff then filed an "Emergency Motion to Stay" the circuit court

proceedings pending disposition of the federal appeal. The circuit court granted the motion to stay on August 18, 2011. In an interlocutory appeal, this court reversed the grant of the stay and remanded the case to the circuit court. *Capeheart v. Terrell*, 2011 IL App (1st) 112707-U.

¶ 8 On June 19, 2012, following supplemental briefing and a hearing, the circuit court granted Terrell's motion to dismiss as to counts I (defamation *per se*) and II (defamation *per quod*). The court stated that Terrell had demonstrated that the plaintiff's complaint was related to and in response to acts that he made in furtherance of his right to participate in government, because the statement was made at a meeting of a government entity. The court stated that the burden then shifted to the plaintiff to establish, by clear and convincing evidence, that Terrell was not immunized from liability under the Act. The court concluded that the plaintiff failed to do so, finding that Terrell's statement was made during the debate over the police action on campus and was genuinely aimed at procuring a government action to resolve the situation.

¶ 9 Terrell then moved for $87,125.50 in attorney fees under section 25 of the Act (735 ILCS 110/25 (West 2012)), and the plaintiff asked the court to add language pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) to the dismissal order. On August 21, 2012, the circuit court awarded Terrell $8,700 for attorney fees and $704.51 for costs. The court stated that Terrell's request for fees was excessive, noting various charges that it deemed unreasonable. The court stated that it would allow fees for the 14.5 hours that defense counsel spent drafting the original motion to dismiss and 14.5 hours for the renewed motion after the stay was reversed, which totaled $8,700 in attorney fees. The court also limited costs to only those associated with the filing of the motion and added Rule 304(a) language to its order and the June 19 order. Both parties timely appealed.

¶ 10 The plaintiff argues that the circuit court erred in granting Terrell's motion because he failed to meet his initial burden of proving that her defamation lawsuit was *solely* based on acts in furtherance of his rights of petition, speech or association. Rather, she asserts that, under *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 42, regardless of whether Terrell was petitioning, engaging in free speech, or otherwise participating in government at the time of the defamation, the question under the Act is whether her defamation claim genuinely seeks redress for the defamation or whether the suit is retaliatory and meritless. We agree with the plaintiff.

¶ 11 A motion to dismiss based on the immunity conferred by the Act is appropriately raised in a motion filed under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2012)). *Sandholm*, 2012 IL 111443, ¶ 54. A section 2-619 motion admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. *Id.* ¶ 55. When ruling on the motion, the court should construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* The court must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that may reasonably be drawn in the plaintiff's favor. *Id.* The question on appeal is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. *Id.* We review a circuit court's dismissal under section 2-619 *de novo*. *Id.*

¶ 12    Under the Act, a defendant of a SLAPP ("Strategic Lawsuit Against Public Participation") lawsuit may file a motion to dismiss the entire claim. *Hammons v. Society of Permanent Cosmetic Professionals*, 2012 IL App (1st) 102644, ¶ 15. In deciding whether a lawsuit should be dismissed pursuant to the Act, a court must first determine whether the suit constitutes a SLAPP suit. *Sandholm*, 2012 IL 111443, ¶ 43. SLAPP suits: (1) aim at preventing citizens from exercising their political rights or punishing those who have done so; (2) use the threat of money damages or the prospect of defense costs to silence citizen participation; and (3) are based upon nothing more than the defendant's exercise of his rights to petition, free speech, and participate in government. *Id.* ¶ 33. "SLAPPs are, by definition, meritless." *Id.* ¶ 34. Plaintiffs in SLAPP suits do not intend to win but rather to chill a defendant's speech or activity and discourage opposition through delay, expense, and distraction. *Id.* However, where a plaintiff files suit genuinely seeking relief for damages for alleged defamation or other intentionally tortious act, the lawsuit is not considered a SLAPP, because it is not solely based on the defendant exercising his constitutional rights. *Id.* ¶ 45. Further, if a plaintiff's complaint does not constitute a SLAPP, "it is irrelevant whether the defendant['s] actions were 'genuinely aimed at procuring favorable government action, result, or outcome.' " *Sandholm*, 2012 IL 111443, ¶ 53. Thus, as *Sandholm* explains, the Act only applies to meritless, retaliatory SLAPP lawsuits, as those suits have traditionally been defined. *Sandholm*, 2012 IL 111443, ¶¶ 51-53; see also *Hammons*, 2012 IL App (1st) 102644, ¶ 18.

¶ 13    Section 15 of the Act provides the framework to analyze whether dismissal is proper. Section 15 requires the defendant to demonstrate that the plaintiff's complaint is solely "based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." 735 ILCS 110/15 (West 2012); *Sandholm*, 2012 IL 111443, ¶ 56. If the defendant has met his burden of proof, the burden then shifts to the plaintiff to produce "clear and convincing evidence that the acts of the [defendant] are not immunized from, or are not in furtherance of acts immunized from, liability" under the Act. 735 ILCS 110/20(c) (West 2012); *Sandholm*, 2012 IL 111443, ¶ 56.

¶ 14    In *Ryan v. Fox Television Stations, Inc.*, 2012 IL App (1st) 120005, ¶¶ 23-24, the court held that the timing of the lawsuit in relation to the protected activity and whether the amount of damages requested are reasonably related to the facts alleged in the complaint are helpful inquiries in determining whether a claim is retaliatory under the Act. The court found that the plaintiff's lawsuit against a news station showed evidence of retaliatory intent where it was filed three days after a news segment about unethical judicial practices aired and before a subsequent segment aired and sought $28 million in damages. *Id.*

¶ 15    Nevertheless, the *Ryan* court found that the defendants failed to establish that the plaintiff's complaint was meritless. *Id.* ¶¶ 29-30. The court noted that the defendants presented no evidence refuting any essential elements of the plaintiff's claims that he had not acted unethically; therefore, the court found that the lawsuit was not a SLAPP and the defendants were not protected under the Act. *Id.*; see *Garrido v. Arena*, 2013 IL App (1st) 120466, ¶ 19 (finding a claim is meritless if the moving party disproves some essential element of the nonmovant's claim).

¶ 16    In this case, we agree with the plaintiff that Terrell did not meet his burden of proving that the plaintiff's lawsuit was a SLAPP. While Terrell's statement was made during a meeting of a governmental entity, he is not necessarily immunized from liability simply because of the governmental setting. See *Sandholm*, 2012 IL 111443, ¶ 51 ("We simply do not believe that, in enacting the anti-SLAPP statute, the legislature intended to abolish an individual's right to seek redress for defamation or other intentional torts, whenever the tortious acts are in furtherance of the tortfeasor's rights of petition, speech, association, or participation in government."). Here, the plaintiff's suit does not appear to be intended to prevent Terrell from participating in government or to interfere with his rights of petition or free speech, but rather to seek damages for the personal harm to her reputation from the alleged defamatory statement. See *id.* ¶ 57 (finding the plaintiff's defamation lawsuit did not constitute a SLAPP because the suit did not seek to chill the defendants' constitutional rights but rather sought damages for the personal harm to his reputation caused by the alleged defamatory statements regarding his alleged child abuse and poor job performance); *Hammons*, 2012 IL App (1st) 102644, ¶ 16 (finding statements about the plaintiffs' "lousy" permanent makeup practices were not protected by the Act because the statements were not made in furtherance of the defendant's constitutional rights).

¶ 17    Further, Terrell has failed to demonstrate that the plaintiff's suit is meritless or retaliatory. Regarding the merit of the plaintiff's claim, Terrell does not refute any essential element of her defamation claims. The plaintiff alleged that there was no stalking complaint lodged against her and that stalking is a crime. In fact, the student's alleged "stalking" complaint was neither a "stalking" allegation nor a complaint, but rather a student's statement to police that the plaintiff had "chased" her down while posting flyers about the plaintiff's student group. See *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 88, (1996) (statements that impute the commission of a crime or the want of integrity in the discharge of one's duties of employment constitute defamation *per se*). Regarding retaliation, the plaintiff filed the federal suit in March 2008, nearly one year after the March 2007 Faculty Council meeting and long after the student protests had been resolved. She also sought $500,000 in compensatory damages, and not millions as in the classic SLAPP scenario. Under these facts, we cannot necessarily infer that the plaintiff's suit was meritless, retaliatory, or intended to prevent Terrell from exercising his constitutional rights. Accordingly, we find that Terrell did not meet his burden of establishing that the plaintiff's suit constituted a SLAPP suit; and we, therefore, reverse the judgment of the circuit court which dismissed counts I and II of the plaintiff's complaint pursuant to the Act.

¶ 18    Because we reverse the judgment of the circuit court, we do not reach Terrell's cross-appeal regarding the amount of attorney fees and costs that the court awarded him under section 25 of the Act.

¶ 19    For the foregoing reasons, we reverse the circuit court order granting Terrell's motion to dismiss counts I and II of the plaintiff's complaint under the Act and remand the cause for further proceedings.

¶ 20    Reversed and remanded.